UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILLIAM DIXON,

                    Petitioner,

       -against-

WARDEN WILLIAM LEE,

                    Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

14-CV-7162 (SLT)

**TOWNES, United States District Judge:**

In a one-page submission received by the Court and docketed on March 23, 2015, petitioner William Dixon moves to hold the instant petition for a writ of habeas corpus in abeyance. In that submission, petitioner states only that he intends to "file a C.P.L. 440.10 motion on issues, on and off the record." He does not explain what issues he seeks to exhaust in state court, or explain why those issues could not have been exhausted sooner.

As recently as March 2005, stays of the sort that Petitioner seeks were routinely granted in this Circuit pursuant to *Zarvela v. Artuz*, 254 F.3d 374, 481 (2d Cir. 2001). However, on March 30, 2005, the United States Supreme Court imposed new restrictions with respect to the use of the "stay and abeyance" procedure. In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that, while district courts have discretion to grant stays, "stay and abeyance should be available only in limited circumstances." *Id*. at 277. Specifically, the Supreme Court held that a stay should be granted only if a petitioner can show "good cause" for failing to exhaust all available State remedies earlier and, even then, only if the unexhausted claims are not "plainly meritless." *Id*.

In light of *Rhines*, the Court cannot grant a stay and hold these proceedings in abeyance on the strength of petitioner's submission. Accordingly, the motion is denied without prejudice. If petitioner elects to file another motion, that motion must demonstrate "good cause" for his failure to raise previously the claims he is now planning to exhaust in State court and explain the claims to be raised in his C.P.L. 440.10 motion with sufficient particularity to enable this Court to make an independent determination that his claims are not "plainly meritless."

## CONCLUSION

For the reasons set forth above, petitioner's motion to hold his petition for a writ of habeas corpus in abeyance is denied without prejudice. Petitioner is free to file another motion for a stay and abeyance, provided he can demonstrate "good cause" for his failure to raise previously the claims he is now planning to exhaust in State court. Any such motion shall explain the claims to be raised in his C.P.L. 440.10 motion with sufficient particularity to enable this Court to make an independent determination that his claims are not "plainly meritless."

**SO ORDERED.**

/s/ Sandra L. Townes
_____
SANDRA L. TOWNES
United States District Judge

Dated: March 27, 2015
Brooklyn, New York