UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
WILLIAM DIXON,

                Petitioner,

     –against–                      **MEMORANDUM AND ORDER**

WARDEN WILLIAM LEE,                   14-CV-7162 (SLT)

                Respondent.
----------------------------------------------------------x

**TOWNES, United States District Judge:**

      Currently before the Court is the mixed petition for a *writ of habeas corpus* filed by petitioner William Dixon on December 1, 2014. Petitioner moves to hold the petition in abeyance while he exhausts his claims in state court. For the following reasons, the motion is denied and petitioner is directed to inform the Court on or before **August 10, 2015** whether he wishes for the entire petition to be dismissed as a mixed petition or whether he would prefer to withdraw his unexhausted claims to permit the Court to consider the merits of his exhausted claims.

      A district court may entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). However, such application may only be granted if "it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) ("[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies.").

In order to exhaust his state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). In New York, a petitioner is "entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals." *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (citing N.Y. Crim. Proc. Law § 450.10(1); N.Y. Court R. § 500.10(a)). If a petitioner has already pursued these appeals, he may bring additional claims in a motion to vacate judgment under N.Y. Crim. Proc. Law § 440.10 ("Section 440 motion"). Section 440 motions are limited to off-the-record claims, and may be pursued "[a]t any time after the entry of judgment." N.Y. Crim. Proc. Law § 440.10(1). Additionally, a claim for ineffective assistance of appellate counsel may be brought via a *writ of error coram nobis* to the state's Appellate Division. *See Daley v. Lee*, No. 10–CV–6065(NGG), 2012 WL 2577472, at *7 (E.D.N.Y. July 3, 2012) ("The exclusive state court remedy to raise an ineffective assistance of appellate counsel claim is the *coram nobis* petition[, which] is the only way to exhaust this type of claim for habeas purposes."). A *writ of error coram nobis* may be brought at any time. *Smith v. McGinnis*, 49 F. Supp. 2d 102, 105 (E.D.N.Y. 1999).

In a submission received by the Court and docketed on March 23, 2015, Dixon moved to hold the instant petition for a *writ of habeas corpus* in abeyance while he exhausts some of his claims in state court. This Court denied the application on March 30, 2015, without prejudice, citing *Rhines v. Weber*, 544 U.S. 269 (2005). In a submission received by the Court on April 10, 2015, Petitioner submitted a second motion to stay his *habeas* petition in order to give him time to exhaust his claims in state court. However, in that submission, he again does not indicate when he learned of the unexhausted claims, nor does he explain why he has not since filed any

2

applications in state court.  Ultimately, he fails to articulate any "good cause" for failing to exhaust his claims.  Given that he has failed to show "good cause," his application to stay the instant petition while he prepares and submits papers in state court is denied.

Petitioner asserts a number of claims in support of his habeas application before this Court: (1) that the verdict was against the weight of the evidence and the People failed to prove petitioner's guilt beyond a reasonable doubt because the arresting police officer testified inconsistently about petitioner's clothing on the date of his arrest, (2) that the trial court abused its discretion in sentencing petitioner as a persistent felony offender, and (3) that petitioner's counsel was constitutionally ineffective, in that counsel failed: (a) to make motions, including motions to dismiss or reduce the charges or request a bill of particulars or other discovery, (b) to "transcribe" an omnibus motion to dismiss the indictment, (c) to seek sanctions against the prosecution in connection with preservation of certain evidence, (d) to request that the court render a decision at a hearing, (e) to give a closing argument, (f) to inspect certain minutes,  (g) to object to the Court's rejecting his affirmative defense, (h) to object to excessive bolstering and vouching for prosecution witnesses, and (i) to provide "meaningful" assistance at sentencing.  In his direct appeal, petitioner argued that the verdict was against the weight of the evidence and that he should not have been sentenced as a persistent felony offender.  In a *pro se* supplemental brief, petitioner also argued that his trial counsel was constitutionally ineffective for failing to move for dismissal on the grounds that the People did not establish intent, failing to object to an amendment to the indictment, and failing to move to preclude the victim's cell phone and camera into evidence.  The other grounds listed in petitioner's habeas petition in support of his ineffective assistance of counsel claim were not raised before the Appellate Division, Second Department and Court of Appeals on direct appeal, and Petitioner has not filed an application for

a *writ of error coram nobis*. Accordingly, it appears that Petitioner has not exhausted his ineffective assistance of counsel claim.

As the petition contains claims that are both exhausted and unexhausted, it is considered a "mixed" petition, and the Court may: (1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits; (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims. *See Rhines*, 544 U.S. at 273–74; 28 U.S.C. § 2254(b)(2); *Rose v. Lundy*, 455 U.S. 509, 520 (1982). As the Court has already explained, a stay is inappropriate here because petitioner has not shown "good cause for [his] failure to exhaust his claims first in state court," let alone that his unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 277. Where a district court deems a stay inappropriate, the Supreme Court has directed that the petitioner be allowed the opportunity to "delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278.

Accordingly, petitioner is ordered to show cause within sixty (60) days from the date of this order why his petition should not be dismissed as a "mixed petition." Petitioner is directed to indicate whether he would prefer that his entire petition be dismissed so that he can pursue remedies in state court, or whether he would prefer to delete his unexhausted claims and proceed only with the exhausted claims. Petitioner is advised that the one-year limitations period applicable to habeas petitions would generally bar him from filing another habeas petition in federal court. ***Failure to respond and affirmatively withdraw petitioner's unexhausted claims by this deadline will result in dismissal of the entire petition.***

## CONCLUSION

Petitioner is ordered to show cause by **August 10, 2015** why this petition should not be dismissed as a mixed petition. Petitioner may elect to withdraw his unexhausted claims so that this Court can review the properly exhausted claims. The Clerk of Court is respectfully directed to mail a copy of this Order to petitioner and note the mailing on the docket.

**SO ORDERED.**

    /SLT_____
SANDRA L. TOWNES
United States District Judge

Dated: June 10, 2015
       Brooklyn, New York